**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Holly KOLIOPOULOS, Defendant—Appellant.**

**No. 07–10039.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 27, 2007.

Candace Kelly, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Harlan Y. Kimura, Esq., Honolulu, HI, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM *

Holly Koliopoulos appeals her conviction on one count of attempt to possess iodine

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

with the intent to manufacture a controlled substance and one count of conspiracy to manufacture methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Koliopoulos' motion to suppress the statements she made after receiving the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[1] The officers did not deliberately employ a two-step interrogation technique in order to undermine the *Miranda* warnings that were given before interrogating Koliopoulos. *See generally United States v. Narvaez–Gomez*, 489 F.3d 970, 973–74 (9th Cir.2007) ("A two-step interrogation involves eliciting an unwarned confession, administering the *Miranda* warnings and obtaining a waiver of *Miranda* rights, and then eliciting a repeated confession."). We reject Koliopoulos' contention that conditions such as the temperature of the interrogation room rendered her *Miranda* waiver involuntary. The record amply supports the finding that her statements were voluntary.

The district court did not err in denying Koliopoulos' motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(b). The evidence is sufficient to establish that Koliopoulos was aware that the package contained iodine and that she knew or had reasonable cause to believe that the iodine would be used to manufacture methamphetamine. The judgment of the district court is

**AFFIRMED.**

---

1. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.